UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREA M. MILLER, | ) | NO. SACV 08-257-CT |
| Plaintiff, | ) ) ) | OPINION AND ORDER |
| v. | ) ) | |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) ) ) | |
| Defendant. | ) ) ) | |

For the reasons set forth below, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. Section 405(g) to defendant Commissioner of Social Security ("the Commissioner") for further administrative action consistent with this opinion and order.

SUMMARY OF PROCEEDINGS

On March 17, 2008, plaintiff, Andrea L. Miller ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). The parties filed a consent to proceed before the magistrate judge. On July 18, 2008, plaintiff filed a brief with points and authorities in support of remand or reversal. On August 21, 2008, the Commissioner filed a

memorandum of points and authorities in opposition to plaintiff's request.

## SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On August 8, 2005, plaintiff filed applications for benefits, alleging disability since September 23, 2002 due to chronic back pain, anxiety, depression and insomnia. (TR 43-70, 368-70).[1] The applications were denied on initial review.[2] (TR 371).

On December 8, 2006, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 35). On August 21, 2007, plaintiff, represented by an attorney, appeared and testified before an ALJ. (TR 374-391). On October 23, 2007, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act, and thus was not eligible for benefits. (TR 12-17). On October 31, 2007, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 7). On February 9, 2008, the request was denied. (TR 4-6). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

The ALJ's decision is attached as an exhibit to this opinion and

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

[2] There is no evidence in the record that plaintiff sought reconsideration of the initial denial. Nevertheless, the Commissioner granted plaintiff's request for a hearing before an administrative law judge.

order and, except as otherwise noted, materially summarizes the evidence in the case.[3]

## PLAINTIFF'S CONTENTIONS

Plaintiff essentially contends as follows:

1. The ALJ failed to consider the findings and opinions of plaintiff's treating psychiatrist;
2. The ALJ failed to consider the type, dosage, effectiveness and side effects of plaintiff's medications; and,
3. The ALJ failed to consider the mental and physical demands of plaintiff's past relevant work.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional

---

[3] Due to privacy concerns, the Court has redacted the ALJ's opinion to remove plaintiff's social security number.

proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

## DISCUSSION

1. **The Sequential Evaluation**

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden

shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the person is unable to perform other work. 20 C.F.R. §§404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2.  Issues

   A.  Treating Psychiatrist

Plaintiff asserts that the ALJ misrepresented the record by holding that plaintiff has not sought or been referred for psychiatric problems and failed to consider the opinion of plaintiff's treating psychiatrist, Dr. Chau Ton-That, D.O.

A treating physician's opinion generally is entitled to great weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)); Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews, 53 F.3d at 1041 (citing Magallanes, 881 F.2d at 751). The weight given a treating physician's opinion depends on whether the opinion is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. § 404.1527.

"The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." Andrews, 53 F.3d at 1041 (citing Magallanes, 881 F.2d at 751). To reject the uncontroverted opinion of plaintiff's physician, the ALJ must present clear and convincing reasons for doing so. Id. If, on the other hand, the treating physician's opinion is contradicted by other doctors, the ALJ may not reject the opinion without providing "specific and legitimate reasons" supported by

substantial evidence for doing so. Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001) (citing Reddick v. Chater, 157 F.3d 715 (9th Cir. 1998)); see also Tonapetyan v. Halter, 242 F.3d 1144, 1148-49 (9th Cir. 2001).

Here, plaintiff testified at the hearing before the ALJ that she was being treated by a psychiatrist (TR 387) and submitted to the ALJ treatment records from her treating psychiatrist, Dr. Ton-That (TR 334-41).[4] These records indicate a diagnosis of major depressive disorder. Dr. Ton-That also found that plaintiff consistently exhibited fair attention, indicating she was on-task 75% of the time. (TR 334-41.) During his initial psychiatric assessment of plaintiff on January 9, 2006, Dr. Ton-That rated plaintiff's Global Assessment of Functioning at 50. (TR 341.)

It appears the ALJ wholly ignored the treatment records from Dr. Ton-That. The ALJ did not give any reason for rejecting the opinions of plaintiff's treating physician, let alone clear and convincing, or even specific and legitimate, reasons for doing so. Rather, the ALJ stated that plaintiff had "not sought or been referred for any treatment for psychiatric problems." (TR 15.) This conclusion is not supported by the record. The ALJ's failure to address the findings of plaintiff's treating psychiatrist is error and requires that this action be remanded to the Commissioner for further consideration of the evidence. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989) (remanding

---

[4] It appears from the record that Dr. Ton-That is an osteopathic doctor specializing in psychiatry. Like medical doctors, osteopathic doctors are "acceptable medical sources" under Social Security regulations. See 20 C.F.R. §§ 404.1513, 416.913.

action to allow Commissioner to attempt to provide specific and legitimate reasons for disregarding opinions of treating physician).

### B. Medication Side Effects

Plaintiff argues that the ALJ erred by failing to consider the alleged side effects of plaintiff's medications, Seroquel and Zoloft.

An ALJ must consider all factors that might have a significant impact on an individual's ability to work, including the side effects of medication. Erickson v. Shalala, 9 F.3d 813, 817-18 (9th Cir. 1993). When a claimant testifies about experiencing a known side effect associated with a particular medication, the ALJ may disregard the testimony only if he "support[s] that decision with specific findings similar to those required for excess pain testimony." Varney v. Sec'y of Health and Human Servs., 846 F.2d 581, 585(9th Cir. 1988), *relief modified*, 859 F.2d 1396 (9th Cir. 1988). Moreover, side effects not "severe enough to affect [plaintiff's] ability to work" are properly excluded from consideration. Osenbrock v. Apfel, 240 F.3d 1157, 1164 (9th Cir. 2001). Ultimately, a claimant bears the burden of demonstrating that his use of medications caused a disabling impairment. See Miller v. Heckler, 770 F.2d 845, 849 (9th Cir. 1985)(claimant failed to meet burden of proving medication impaired his ability to work because he produced no clinical evidence).

The record reflects that plaintiff has been prescribed a number of medications for her back injury and mental impairments. (TR 107, 113, 115, 120, 124, 137, 139-42, 170-75, 185, 227-28, 234-35, 280-81, 289-90, 296-97, 302, 305, 334-35, 337-38, 341, 347, 352.) Plaintiff testified before the ALJ that her medications cause dizziness, drowsiness, and forgetfulness. (TR 380, 382-83.) In addition, plaintiff often

complained to her treating psychologist that she felt tired and drowsy, complaints plaintiff contributed, at least in part, to her medications. (TR 354, 358, 360, 362, 363, 365.)

Significantly, all the evidence of medication side effects in the record comes from plaintiff's subjective reports. As a district court in this circuit has stated, "to accept [claimant]'s . . . claims of disabling side effects, as they all came from [claimant] herself, the ALJ would have to find [the claimant] credible." Orcutt v. Barnhart, 2005 WL 2387702, at *7 (C.D. Cal. Sept. 27, 2005). Here, the ALJ expressly found that Plaintiff was not credible with respect to her functional limitations. (AR 14-15.) As the claimed side effects are unsupported by objective medical evidence, they are no more than additional subjective complaint testimony, the value of which was discounted by the ALJ in his credibility analysis. See Thomas v. Barnhart, 278 F.3d 947, 960 (9th Cir. 2002) (finding no error in excluding side effects where the only evidence was claimant's testimony, and where the ALJ had found the claimant not credible). Significantly, plaintiff has not challenged the ALJ's credibility determination.

C. Past Relevant Work

Plaintiff asserts that the ALJ erred in failing to analyze the physical and mental demands of any of plaintiff's past relevant work. See Villa v. Heckler, 797 F.2d 794, 797-98 (9th Cir. 1986) ("To determine whether a [plaintiff] has the residual capacity to perform [his] past relevant work, the [Commissioner] must ascertain the demands of the [plaintiff's] former work and then compare the demands with [his] present capacity"); see also 20 C.F.R. § 404.1520(e). But the ALJ specifically concluded that plaintiff's past relevant work only required

an ability to do light exertional work, a level consistent with plaintiff's residual functional capacity. (TR 16.) With respect to plaintiff's mental impairments, after considering the opinions of Dr. Ton-That on remand, the Commissioner will have an opportunity to reconsider plaintiff's mental impairment(s), whether they are severe, and if so, how that impacts her residual functional capacity and ability to perform his past relevant work.

### REMAND IS APPROPRIATE IN THIS CASE

The decision whether to remand a case for additional evidence is within the discretion of the court. Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). Remand is appropriate if the record is incomplete and additional proceedings would remedy defects in the Commissioner's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Having considered the record as a whole, it appears that the present record is insufficiently developed.

### CONCLUSION

Accordingly, it is ordered that the matter be **REMANDED** pursuant to sentence four of 42 U.S.C. §405(g) to the Commissioner for further administrative action consistent with this opinion.

DATED: August 26, 2008

_____
CAROLYN TURCHIN
UNITED STATES MAGISTRATE JUDGE

SOCIAL SECURITY ADMINISTRATION **12**
Office of Disability Adjudication and Review

### DECISION

| **IN THE CASE OF** | **CLAIM FOR** |
| --- | --- |
| | Period of Disability, Disability Insurance Benefits, and Supplemental Security Income |
| Andrea M. Miller | |
| (Claimant) | ▬▬▬▬▬ |
| | (Social Security Number) |
| (Wage Earner) | |

### JURISDICTION AND PROCEDURAL HISTORY

On July 25, 2005, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits. The claimant also protectively filed a Title XVI application for supplemental security income on July 25, 2005. In both applications, the claimant alleged disability beginning September 23, 2002. The claims were denied initially on February 10, 2006. Thereafter, the claimant filed a timely written request for hearing on December 8, 2006 (20 CFR 404.929 *et seq.* and 416.1429 *et seq.*). The claimant appeared and testified at a hearing held on August 21, 2007, in Orange, CA. The claimant was represented by Bill Latour, an attorney.

### ISSUES

The issue is whether the claimant is disabled under sections 216(i), 223(d) and 1614(a)(3)(A) of the Social Security Act. Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.

With respect to the claim for a period of disability and disability insurance benefits, there is an additional issue whether the insured status requirements of sections 216(i) and 223 of the Social Security Act are met. The claimant's earnings record shows that the claimant has acquired sufficient quarters of coverage to remain insured through December 31, 2007. Thus, the claimant must establish disability on or before that date in order to be entitled to a period of disability and disability insurance benefits.

After careful consideration of all the evidence, the undersigned Administrative Law Judge concludes the claimant has not been under a disability within the meaning of the Social Security Act from September 23, 2002 through the date of this decision.

### EVALUATION OF THE EVIDENCE

The claimant is currently 29 years old with a high school education, plus one year of college (per testimony). She reported a vocational background as a cook, customer services representative

See Next Page


EXHIBIT

Andrea M. Miller (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)                                          Page 2 of 6

**13**

and sales representative. She alleged that she had been unable to work since September 23, 2002 due to chronic back pain, and mental problems. She is receiving Workers' Compensation benefits (see Exhibit 6F, pg. 3).

The vocational evidence confirms that the claimant has not performed substantial gainful activity since her alleged onset date. The objective medical evidence shows that she does not have an impairment or combination of impairments that meet or equal the level of severity required by the Listing of Impairments in Appendix 1 of Subpart P, Regulations No. 4. Also, her impairments do not prevent the performance of her past work as a cook, sales representative or customer services representative. Consequently, I find that she has not been disabled at any time through the date of this decision.

The claimant has a long history of low back pain due to an alleged work-related injury of May 10, 1997. She underwent posterolateal fusion and decompression on April 4, 2003. In April 2004, she was involved in an automobile accident and received chiropractic care for approximately five to six months. An MRI of the lumbar spine, taken on July 29, 2004 was consistent with strain injury of the paravertebral muscles as well as a disk L5-S1 injuries (Exhibit 1F).

Dr. Stephen M. Shapiro, examined the claimant examined the claimant on January 10, 2005. He noted that the claimant appeared to be in mild discomfort. Overall, her lumbar spine range of motion was pretty normal producing slight discomfort at extremes of movement. Myofascial examination of the lumbar spine revealed mild point tenderness at the L5-S1 junction on the right side. There was a little bit of tenderness over the right buttock area to a lesser degree on the left side. Dr. Shapiro diagnosed chronic low back pain, failed back surgery syndrome, right lumbosacral radiculopathy and mild lumbar disc disease (Exhibit 3F, pg. 7).

The claimant received conservative treatment under the care of Dr. Frank J. King, who first saw her on January 11, 2005. In his report of April 26, 2005, he diagnosed chronic low back pain, failed back surgery syndrome, suspected right lumbosacral radiculopathy, mild lumbar disc disease and suspected nonunion of a previous lumbar fusion (Exhibit 3F, pg. 4).

In connection with her Workers' Compensation claim, Dr. Michael P. Weinstein, performed an orthopedic consultation of the claimant on April 5, 2005. The claimant complained of chronic low back pain. X-rays of the lumbar spine revealed laminectomies at L5-S1. There was degenerative joint disease at L5-S1 and the fusion appeared to be congruent on the left from L5-S1 and the right appeared to be pseudarthrosis. Flexion/extension films showed some motion of the disc space at L5-S1, and there was also an abnormal tilt at L4-5. Dr. Weinstein diagnosed chronic low back pain and minimal right leg radiculopathy (Exhibit 4F, pg. 34).

A Computed Tomographic Discography of the lumbar spine, taken on April 29, 2005 was normal (Exhibit 4F, pg. 8). On November 10, 2005, the claimant underwent status post posterior decompression and attempted fusion (Exhibit 5F, pg. 3).

Dr. J. Pierce Conaty, performed an orthopedic evaluation of the claimant on December 19, 2005, at the request of the California Disability Determination Services (DDS). The claimant

See Next Page



14

complained of mild low back pain. Dr. Conaty diagnosed status postoperative anterior discectomy, L5-S1, with graft and anterior plate, performed for failed previous posterior L5-S1 discectomy and fusion. He restricted the claimant to occasional lifting and carrying 20 pounds, frequently 1 pounds, with standing and walking up to six hours in an eight-hour work day and sitting for six hours in an eight-hour work day with occasional climbing, stooping, kneeling and crouching limited to one-third of the work day (Exhibit 7F, pg. 4).

Medical consultants who reviewed the claimant's medical records in January 2006, at the request of the California Disability Determination Services (DDS), concluded that the claimant could perform light exertion with postural limitations (Exhibit 9F).

David G. Wedemeyer, submitted a report dated November 13, 2006. He found the claimant totally disabled (Exhibit 10F).

I have acknowledged the conclusions of the consultative examiner along with the conclusions of the medical consultants (DDS)(Exhibits 7F and 9F) and find that the claimant can occasionally lift and carry 20 pounds, frequently 10 pounds, she can stand and walk for six hours in an eight-hour work day and can sit for six hours in an eight-hour work day.

I give no weight to the conclusions of David G. Wedemeyer, dated November 13, 2006, because he is not a medical doctor (see Exhibit 10F).

I cannot give weight to the claimant's allegations that she cannot perform her past work because her statements are not entirely credible. At the hearing, she testified that she could only walk for about 30 minutes, stand for 15 minutes and sit for about 30- 60 minutes. However, Dr. Conaty noted that she had excellent result from her surgeries (Exhibit 7F, pg. 4). It is noted that most of her treatment has been conservative treatment, mostly medication management. There is no evidence of a severe unintended weight loss, or severe sleep deprivation because of pain. Additionally, there is no evidence of interference with concentration or attention or with the ability to relate and respond appropriately as a consequence of pain. Thus, there is no medical corroboration of her subjective complaints.

The absence of ongoing medical treatment is also inconsistent with her allegation of disabling functional limitations secondary to pain, and with a worsening in her condition. It is reasonable to assume that were the claimant in as bad shape as she alleged, she would have sought some treatment to help alleviate her pain. She is not currently participating in physical therapy, she does not use a TENS unit and she has not been prescribed a cane, walker or wheelchair. She also does not perform a home exercise program e.g., hot baths, hot water bottle, heating pad, neither is she participating in pain alleviating therapy at a pain clinic.

I find, therefore, that the evidence as a whole shows that her subjective complaints are not sufficiently credible to require me to accept her testimony of excess pain and limitations. Accordingly, I will rely upon the objective medical evidence which indicates an ability to do light exertion work activity.

See Next Page


EXHIBIT

**15**

The claimant also alleged mental problems. However, the records do not show that she complained to her doctor of any mental problems. She has not sought or been referred for any treatment for psychiatric problems. Neither has she been hospitalized or admitted at an emergency room for psychiatric problems.

Dr. Sohini F. Parikh, performed a psychiatric evaluation of the claimant on December 17, 2005, at the request of the California Disability Determination Services (DDS). He noted that the claimant was driven to the evaluation by her boyfriend. She also had a valid driver's license. She complained of back problems, depression, asthma, frustration and anxiety. Dr. Parikh noted that her mood was depressed and anxious. He diagnosed mood disorder because of medical condition and assessed a GAF of 70 (Exhibit 6F, pg. 6).

Medical consultants who reviewed the claimant's medical records in January 2006, at the request of the California Disability Determination Services (DDS), concluded that the claimant did not have a severe mental impairment (Exhibit 8F).

Dr. Renee Miller submitted a psychological report dated July 30, 2007. She noted that she had been treating the claimant since March 2007. She found the claimant totally disabled (Exhibit 15F).

I give significant weight to the conclusions of the consultative examiner (Exhibit 6F) because he examined the claimant and his conclusions are consistent with the objective findings and the evidence of record. I find therefore, that the claimant has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace with no episodes of decompensation, each of extended duration. Accordingly, she does not have a severe mental impairment.

I give no weight to Dr. Renee Miller's assessment of July 30, 2007, for the following reasons: 1) she treated the claimant for approximately five months only (March through July 2007); 2) it appears that she merely repeated claims made by the claimant, without any independent judgment.

I cannot rely on the claimant's testimony as establishing greater limitations than those set forth above because her statements are not entirely credible. Her condition is stable. As stated above, Dr. Conaty noted that she had excellent recovery (Exhibit 7F, pg. 4). It is also noted that most of her treatment with Dr. King has been medication management (Exhibit 3F). The claimant does not seem too motivated to work and it appears that she is benefit-seeking. She is receiving Workers' Compensation benefits. Her daily activities are also inconsistent with her allegations. She leads a fairly normal lifestyle. She reported that she was single with no children, she drove her car, she took care of her personal needs, watched television, listened to the radio, socialized with friends and family members, she has a boyfriend, she read books etc. and she enjoys writing (Exhibits 3F, pg. 6, 6F, pg. 3). I find that the claimant's inconsistencies negatively impact her credibility and do not permit reliance on her statements.

See Next Page



Andrea M. Miller (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)  Page 5 of 6

**16**

The claimant's past work (all) did not require an ability to do more than light exertion work. Consequently, I find that the claimant is able to return to her past work (all). Accordingly, I conclude that she has not been disabled at any time through the date of this decision.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

After careful consideration of the entire record, the undersigned makes the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2. The claimant has not engaged in substantial gainful activity since September 23, 2002, the alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe impairment: chronic back pain and mood disorder (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work. She has mild restriction of activities of daily living, mild difficulties in maintaining social functioning, mild difficulties in maintaining concentration, persistence or pace with no episodes of decompensation, each of extended duration. Accordingly, she does not have a severe mental impairment.

6. The claimant is capable of performing her past relevant work (all). These type of work do not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant has not been under a disability, as defined in the Social Security Act, from September 23, 2002 through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

See Next Page



17

## DECISION

Based on the application for a period of disability and disability insurance benefits protectively filed on July 25, 2005, the claimant is not disabled under sections 216(i) and 223(d) of the Social Security Act.

Based on the application for supplemental security income protectively filed on July 25, 2005, the claimant is not disabled under section 1614(a)(3)(A) of the Social Security Act.

_____
Barry S. Brown
Administrative Law Judge      OCT 2 3 2007

_____
Date

